UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN C. WILLIS,

    Petitioner,

v.                                            Case No. 8:08-cv-1933-T-33TGW

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
                                         /

## **ORDER**

This cause is before the Court on Petitioner John C. Willis' 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. No. 1); Respondent's response to the petition (Doc. No. 16); Willis' reply to the response (Doc. No. 19); and Willis' motion for discovery (Doc. No. 20). Willis challenges his convictions and sentence entered in his 2004 case number CF04-001011-XX by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

## BACKGROUND

On August 7, 2003, the State filed a six-count Information charging Willis with three counts of burglary of a dwelling with assault or battery. *See Information, State v. Willis*, Case No. CF03-004643-XX. The burglary counts were felonies of the first degree, each carrying a maximum penalty of life imprisonment. *See* § 810.02 (2), Fla. Stat. (2003). The state trial court appointed counsel to represent Willis. Assistant State Attorney Alison Poncy Mitchell represented

the State. ASA Poncy tendered a consolidated offer for a negotiated settlement of life imprisonment, the maximum penalty. The state trial court placed Willis on bond.

On March 4, 2004, while he was on bond, Willis was charged by Information in Case No. CF04-001011-XX with sale of cocaine (count one); possession of cocaine with intent to sell (count two); and possession of drug paraphernalia (count three). On March 30, 2004, Willis entered a plea of nolo contendere to counts one and three, (count two was nolle prossed) and he was placed on drug offender probation for 30 months. Willis subsequently violated probation when he was arrested on January 27, 2005 and charged with driving while his license was suspended or revoked; possession of cocaine; and resisting arrest without violence. (Petitioner refers to these charges as new law offenses or new law violation charges). On May 6, 2005, the state trial court sentenced Willis to fifteen years incarceration. (Exhibit 1).[1]

## DIRECT APPEAL

Willis, through appellate counsel, prosecuted a direct appeal indicating there was no meritorious argument to support a contention that the trial court committed reversible error in this case. The following possible issues were raised in Willis' *Anders*[2] brief:

I. WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT IN VIOLATION OF PROBATION.

II. WHETHER THE TRIAL COURT ERRED WHEN SENTENCING APPELLANT.

Willis did not file a pro se brief within the prescribed time period raising additional claims. On October 20, 2005, the State filed its answer brief. (Exhibit 2) On February 17, 2006, the state district

---

[1] Respondent filed the state court record. All references to exhibits are to documents in that record.

[2] *Anders v. California*, 386 U.S. 738 (1967).

court of appeal per curiam affirmed without written decision in case no. 2D05-2521. *Willis v. State*, 923 So. 2d 506 (Fla. 2d DCA 2006 )[table].

## POST CONVICTION PROCEEDINGS

On March 30, 2006, Willis filed a Rule 3.850 motion for postconviction relief raising three grounds for relief:

> 1. Counsel was ineffective for failing to advise the Defendant about the consequences of different plea offers.
>
> 2. Counsel was ineffective for failing to pursue an entrapment defense.
>
> 3. Counsel during the Defendant's Violation of Probation (VOP) hearing was ineffective for failing to move for a continuance until Defendant's new law violation charges were disposed of at trial.

(Exhibit 5).

On August 2, 2006, the state trial court summarily denied ground three and ordered the State to respond to grounds one and two. On August 9, 2006, the State responded. On November 3, 2006, the state trial court granted an evidentiary hearing on ground one and dismissed ground two as facially insufficient. (See Exhibit 6).

The evidentiary hearing was held on March 4, 2007. (Exhibit 7). On May 16, 2007, the state trial court denied Willis' motion for postconviction relief. (Exhibit 8). Willis appealed. On February 22, 2008, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. *Willis v. State*, 976 So. 2d 1114 (Fla. 2d DCA 2008)[table].

Willis mailed the present 28 U.S.C. § 2254 petition for writ of habeas corpus on September 29, 2008. The petition, which is timely, raises three grounds for relief:

Deprivation of rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution through ineffective assistance of counsel.

A. Counsel failed to properly advise Willis concerning the particulars attendant upon each plea and the likely results thereof.

B. Counsel failed to advise Willis of viable defenses that were available to him.

C. Counsel failed to move for a continuance in the probation violation proceedings.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### Ground 1(A)

Willis claims defense counsel failed to properly advise him regarding two separate plea offers from the State. He asserts he was offered either 366 days in prison or a term of 30 months probation in return for a plea of guilty. Willis claims he accepted the 30-month probation term based on counsel's advise that if he chose the prison term offer, the prison term would not begin until after his other additional pending 2003 new law case(s) were resolved. According to Willis, his attorney misstated the law regarding the commencement of sentence, and had he known the accurate law as it applied to him, Willis would have accepted the prison term to avoid the lengthy probation term and the possibility of violating his probation. He further asserts that counsel failed to advise him that if he violated probation he faced up to 15 years in prison, the situation that ultimately occurred.

Willis testified at the evidentiary hearing that he did not want probation, but wanted to accept the prison offer and remain incarcerated until the resolution of the 2003 case. (Exhibit 7:R124-127; Exhibit 8). Willis affirmed that the signature on the written plea form was his, but he claimed that he signed the plea form without reading it, and did not know the maximum penalty for the charges. He further claimed that had he known the maximum penalty he would not have entered the plea. Willis admitted to having been on probation four times and to having five prior felony convictions. (Exhibit 7:R126-127, 131, 140-142; Exhibit 8).

Willis' counsel for the violation of probation hearing, William Allen, testified at the Rule 3.850 evidentiary hearing, that Willis was already facing a life sentence on previous (2003) charges when he was charged with the 2004 crimes. Mr. Allen testified that reaching an early resolution plea in the 2004 case would perhaps prevent the Assistant State Attorney, Ms. Poncy, from factoring in the 2004

charges in the 2003 prosecution and sentence negotiation for the 2003 charges. (Exhibit 7:R152; Exhibit 8). Mr. Allen testified that Willis indicated at different times he wanted out of incarceration, and that Willis was uneasy about the life sentence he was facing. (Exhibit 7:R157-159). Mr. Allen further testified that it was his standard practice to explain his negotiation strategy when he explained the plea form to his clients. He testified that he always explained the plea form. Mr. Allen testified that he would not allow a client to sign a plea form without going over the form with the client. He testified that he had never deviated from this practice, and that he rarely had clients request incarceration when offered probation. Therefore, when the client did so, the situation was memorable. (Exhibit 7:R161, 165; Exhibit 8).

Mr. Allen testified that he recalled seeing Willis in his jail cell and Willis indicated on numerous occasions that he wanted out of jail. Mr. Allen advised Willis that once Willis was sentenced to probation he would not be "serving time." Therefore, he would not receive credit for jail time until the 2003 case was completed. (Exhibit 7:R163). Mr. Allen further testified that Willis never indicated he did not understand the terms of the plea agreement regarding the consequences of his plea. (Exhibit 7:R167).

After the evidentiary hearing, the state trial court denied postconviction relief In an order that reads, in pertinent part:

> In his first claim at error, as noted supra, the Defendant states that Trial Counsel misadvised him as to the ramifications of the State's dual ERP[3] offer. He claims that had Trial Counsel appropriately advised him, he would not have accepted probation, but would have opted for prison instead. This matter presents the need for the Court to enter into a credibility determination between Trial Counsel and the Defendant.
>
> This Court has presided over numerous proceedings such as the ERP plea described herein, and in the Court's experience it is rare that defendants offered a

---

[3] "ERP" is an abbreviation for "Early Resolution Program."

choice between incarceration and the relative freedom of probation opt for the former. The Court therefore finds Trial Counsel's testimony that he would have remembered a defendant who took the road less traveled in opting for prison over probation to be credible.

The Court also finds credible Trial Counsel's testimony that it is his practice to go over plea offer forms in detail with his clients, and that as a part of that, he advises his clients of the maximum penalty for the charges. Even though the transcript of the plea hearing reflects that in the plea colloquy the Trial Court did not state the maximum penalty for the charge, in this case, the State entered as its Exhibit 1 the negotiated plea form, which reflects the Defendant's signature on page 4, along with Trial Counsel's. There, Trial Counsel by his signature and his testimony verified that he apprised his client of the form's contents. The plea form on page 1 reflects the maximum penalty of fifteen years in counts 1 and 2. The Court therefore does not find credible the Defendant's testimony that he entered his plea without knowing the maximum penalty.

Finally, the Court finds that Trial Counsel exercised strategic discretion in advising his client to opt for probation. Trial Counsel hoped to use the fact that his client was on probation in CFO4-OO1O11-XX to achieve a reduced offer in CFO3-004643-XX. He relied on his knowledge of the prosecutor, ASA Poncy, and his prior experience in negotiations in making this determination, and rejected the alternative course of advising his client to take prison based on his client's desire to be released from incarceration and his perception that his negotiating position would be stronger if the Defendant was already under Department of Corrections supervision. Here, Trial Counsel testified that his strategy was successful, as he used the Defendant's supervision status in negotiations in CFO3-004643-XX, achieving a reduction from an offer of Life incarceration at the outset to twelve months' probation by resolution.

Strategic decisions of Trial Counsel, made after considering and rejecting alternative courses of action, "do not constitute deficient conduct." *Spencer*, 842 So. 2d at 62. The Court must give deference to Trial Counsel, and evaluate Trial Counsel's performance from his perspective. See *Strickland*, 466 U.S. at 668. Given the testimony of Trial Counsel and the Defendant, the Court does not find that the Defendant has carried his burden either to prove that Trial Counsel's performance was deficient, or that his advice so prejudiced the defense as to undermine the Court's confidence in the outcome.

(Exhibit 8).

The state trial court specifically found trial counsel to be credible in his testimony at the evidentiary hearing in which Willis' claims were refuted. Once competent substantial evidence has

been submitted, it is for the trier of fact to evaluate the evidence and the credibility of the witnesses. *Taylor v. State*, 583 So. 2d 323 (Fla. 1991). In this case, Willis failed to overcome the presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance, and Willis failed to meet both prongs of the *Strickland* standard. Willis has not rebutted the state trial court's findings by clear and convincing evidence as required by 28 U.S.C. § 2254(e)(1). Additionally, the legal conclusions reached by the state trial and appellate courts are not contrary to, nor an unreasonable application of, United States Supreme Court precedent.

Ground 1(A) does not warrant habeas corpus relief.

### Ground 1(B)

Willis alleges that defense counsel failed to explain or even explore an entrapment defense. He claims an entrapment defense would have been applicable because he was induced by two female officers to commit the offense of possessing cocaine when they initiated a conversation with him while he was seated on his back porch. Willis asserts that had the officers not made the contact with him and asked him to acquire cocaine for them, he would not have been predisposed to buy drugs, and counsel should have informed him that the police officers entrapped him by inducing him to commit the crime of possessing cocaine.

In order to prevail in a claim of ineffective assistance of counsel, Willis must allege with specificity that his attorney was deficient in his representation. Willis must then show that the deficiency was sufficiently damaging as to cause prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). This Court must be highly deferential when evaluating the performance of defense counsel, and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Every effort should be made to "eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." *Id.* Willis bears the burden of presenting a claim that specifically identifies the facts supporting his claim for relief, as well as showing in what way the alleged error resulted in prejudice to the defense. The record supports the state trial court's findings that no relief was justified in the present case.

Entrapment is an affirmative defense, and Willis would have had the burden of proof at trial. *See Cardenas v. State*, 867 So. 2d 384, 392 (Fla. 2004). The entrapment defense applies when the defendant is not a person "ready to commit" the crime, but is induced or encouraged to commit the crime; the criminal conduct is the direct result of the inducement; the person inducing him to commit the crime is a law enforcement officer; and the officer used methods likely to persuade a person not readily disposed to commit the crime to do so. See Florida Standard Jury instructions in Criminal Cases, § 3.6 (j) Entrapment (2006).

It is not entrapment where "a law enforcement officer, in a good faith attempt to detect crime," simply provides the "opportunity, means, and facilities" to commit a crime the defendant was already predisposed to commit. *Id.* It is not entrapment if the officer uses "tricks, decoys, or subterfuge" in exposing the criminal acts; nor is it entrapment where the officer is "present and pretending to aid or assist" in committing the crime. *Id.* (See Exhibit 6).

Willis has failed to provide any facts indicating that defense counsel would have been able to successfully raise an entrapment defense had the case gone to trial. Willis' facts show that two female officers struck up a conversation with him and that he immediately procured illegal drugs for them. As the jury instruction shows, this is not entrapment.

Furthermore, as the state trial court noted, conclusory allegations are insufficient to prevail on a claim of ineffective assistance of counsel. *Waterhouse v. State*, 792 So. 2d 1176 (Fla. 2001). The

defendant bears the burden of presenting a claim which specifically identifies the facts supporting his claim for relief, as well as showing in what way the alleged error resulted in prejudice to the defense. "Mere assertions or conclusory allegations of ineffective assistance of counsel without factual support are insufficient to sustain an ineffective assistance claim." *United States v. McFarlane*, 881 F. Supp. 562 (M.D. Fla. 1995)(citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)). Here, the record supports the finding that no relief was justified in the present case as Willis' allegations fail to show that an entrapment defense even existed. Trial counsel cannot be ineffective for not exploring a meritless defense. *See Pace v. State*, 854 So. 2d 167, 182 (Fla. 2003). Willis has failed to meet his burden in presenting credible evidence to show that trial counsel failed to render effective assistance.

Ground 1(B) does not warrant habeas corpus relief.

### Ground 1(C)

Willis claims his defense counsel was ineffective at his violation of probation hearing for failing to request a continuance. Specifically, Willis asserts the state trial court found the new law offenses (the July 27, 2005 charges) were the only basis the state trial court had for finding he had violated the terms of his probation. He claims that because he was eventually acquitted by a jury on the new law offenses in a later trial, his VOP counsel was deficient in failing to move to continue his VOP hearing until after the new offenses were disposed of in a separate trial.

In ruling on this claim, the state trial court found:

> In this claim, Defendant challenges his Counsel in his VOP hearing. Defendant asserts that the Court stated that the new law offenses were [sic] only bases it had for finding that Defendant had violated the terms of his probation. Defendant alleges that he was eventually acquitted by a jury on the charges of those new law offenses in a later trial. Defendant argues that VOP Counsel was deficient in failing to move to continue his VOP hearing until after the new law offenses were disposed of in a separate trial. However, the finding in a substantive trial on the new charges is wholly irrelevant. The standard necessary to find

> Defendant guilty of VOP is merely a preponderance of the evidence. *See Blackwelder v. State*. 902 So. 2d 905 (Fla. 2d DCA 2005). Thus, even if a jury found in favor of a defendant under the much more stringent reasonable doubt standard, as in this case, it would still be possible for a judge to find the Defendant guilty under the less stringent preponderance of the evidence standard. VOP Counsel was not deficient for failing to file a motion that served no purpose. Further, the record indicates that there was sufficient evidence to satisfy the court that the Defendant had committed the new law violations by a preponderance of the evidence. Thus, even if VOP Counsel would have moved for a continuance, it would not have changed the outcome of the proceedings. Accordingly, Defendant was not prejudiced by VOP Counsel's alleged deficiency. Defendant's claim 3 is DENIED.

(Exhibit 6).

Additionally, the record indicates that there was sufficient evidence to satisfy the state trial court that Willis had committed the new law violations by a preponderance of the evidence. At the violation of probation hearing, the state trial court specifically found there was sufficient evidence in the record to show Willis actually possessed a substance that tested positive for cocaine. (Exhibit 6:R87). The state trial court further found the packaging around the cocaine in Willis' pocket was paraphernalia, and the state trial court found he was in actual possession of drug paraphernalia. (Exhibit 6:R87). The state trial court also determined that even if the test on the cocaine was insufficient to establish the drug as cocaine, the packaging and Willis' own spontaneous admissions to the officers proved that Willis was in possession of cocaine, and the evidence was overwhelming that he resisted the officers without violence. (Exhibit 6:R87-88). Therefore, even if counsel had moved for a continuance, the continuance would not have changed the outcome of the proceedings. Accordingly, Willis was not prejudiced by VOP counsel's alleged deficiency. Willis has failed to overcome the presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance, and Willis failed to meet both prongs of the *Strickland*

standard. Willis has not rebutted the findings by clear and convincing evidence as required by 28 U.S.C. § 2254(e)(1).

Ground 1(C) does not warrant habeas corpus relief.

## WILLIS' MOTION FOR DISCOVERY

On March 23, 2009, Willis filed a motion for discovery requesting leave from this Court to obtain transcripts and/or clerk minutes of the pre-trial hearings and the visitation log from the county jail to support his arguments. The documents sought by Willis are irrelevant to the claims he has made. Willis asserts the requested documents will show that counsel never visited him in jail prior to his acceptance of the plea in this case, and that such evidence supports his claim that counsel was ineffective for failing to properly advise him concerning the particulars of his plea. However, at the evidentiary hearing held by the state trial court, counsel testified that Willis indicated at different times that he wanted out of incarceration, and he was uneasy about the life sentence he was facing. Defense counsel also testified that he would have explained the plea form to Willis before Willis signed it.

Whether trial counsel visited Willis in jail or not does not refute counsel's testimony that they discussed "at different times" that Willis wanted out of jail. Nor does the requested discovery of the jail visitation log and pretrial transcripts support Willis' claim that counsel was ineffective for failing to explain the particulars of each plea to him. Such documents do not contain the substance of any conversations between Willis and his attorney.

Accordingly, the Court orders:

That Willis' motion for discovery (Doc. No. 20) is denied, and Willis' petition is denied. The Clerk is directed to enter judgment against Willis and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 18, 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
John C. Willis